GLADNEY, Judge.
The plaintiff, R. C. Jones, brought this suit against Maryland Casualty Company, liability insurer of Ford E. Stinson, to recover damages for personal injuries received by him September 18, 1962 when the farm tractor which Jones was driving was struck from the rear by a Ford automobile driven by Stinson. Employers Liability Insurance Corporation, Ltd., workmen’s compensation carrier of Tony San Angelo, employer of Jones, intervened to recover compensation and medical payments made by it. Trial of the case resulted in judgment rejecting the demands of plaintiff and inter-venor, appellants herein. This action and the suit of San Angelo v. Maryland Casualty Company, La.App., 179 So.2d 681, this day decided, were consolidated for purposes of trial.
The accident in which plaintiff was injured occurred between 5 :35 and 5 :45 A.M. on State Highway No. 3 at a point about 3.6 miles north of its intersection with U. S. Highway No. 80 in Bossier Parish. Sunrise that day came officially at 6:01 A.M. At the scene of the accident Highway No. 3 is of concrete construction, is straight, level, and about 22 feet wide. On September 19, 1962, the weather was dry and somewhat cloudy.
Jones serviced the tractor at the residence of his employer located north of the scene of the accident and, after briefly talking with Herman Taylor, a fellow employee, drove the tractor along the highway. The time of his departure, which Taylor said was verified by his watch, was 5 :45 A.M. Jones was enroute to the Maggio farm and had reached a point about one-half mile south of the point of departure when the tractor was struck by Stinson’s car. The tractor was proceeding about 18 miles per hour, its maximum speed. Jones testified that he did not at any time drive off of the paved portion of the highway onto the west shoulder and did not see or hear the approaching car before the impact.
Stinson testified he left home in Benton, Louisiana, for the purpose of attending a legislative committee meeting to be held in Baton Rouge at noon on that day; that he was driving his 1961 fordor Ford automobile at a speed of 60 or 65 miles per hour, and that the accident occurred at either 5:35 or 5:40 A.M. at which time he was unable to see without his lights. As he neared the locus of the collision he met an oncoming car and dimmed his lights about 100 yards from it. Just before meeting this approaching vehicle, he then saw the tractor for the first time as it turned onto the paved portion of the road 50 feet ahead in the path of his car.
The defendant earnestly contends the tractor was not equipped with rear lights. Stinson testified he did not see any lights on the rear of the tractor. Jones testified, however, that a single small reflector light visible to the rear was attached to the back seat of the driver and that upon starting on his mission that morning he observed all lights were on. Attached to the rear of the tractor was a piece of farm equipment which was used for the purpose of spreading poison upon six rows of vegetables. Also placed upon the back of this equipment were two sacks of poison. We find it difficult to determine from Jones’ testimony whether or not the tail light was obscured by some of this equipment.
Upon observing the tractor in his path, Stinson said he applied his brakes to no avail and struck the tractor in the rear knocking it to the west shoulder of the road. The Ford car came to rest 108 feet south of the point of impact in the northbound traf *680 fic lane, the tractor 54 feet south of the impact on the west shoulder of the highway. Stinson testified that when the tractor came from the shoulder onto the highway it appeared to him to be at an angle of about 45 degrees on the highway and that after the accident he identified tractor marks on the shoulder leading up to the point of impact.
The accident was investigated by Trooper H. L. Porter of the Louisiana State Police who arrived on the scene at 5 :51 A.M. The trooper found skid marks 51 feet in length made by the tires of the Stinson car. Accompanied by Stinson he searched for and found tractor tire marks on the shoulder, rubber scuf f marks on the edge of the pavement, and tire marks made by the tractor on the pavement leading directly to the point of impact. San Angelo, who was present when Stinson and Trooper Porter located the tire marks of the tractor, testified that after he overheat’d the discussion between Stinson and the trooper, he then searched for such tractor marks but failed to locate them.
Appellants complain that the trial court erred in holding plaintiff’s tractor was driven from the shoulder onto the highway; and, in the alternative, should the court find the tractor was driven in such a manner, that the court erred in holding such act was the proximate cause of the accident. The latter assertion assumes defendant’s insured failed to maintain a proper lookout and failed “to discover plaintiff’s tractor in a position of peril or in the act of being placed in a position of peril; failed to give a timely warning, slacken his speed, or turn upon the first appearance of danger” and these acts of the automobile driver constituted the sole proximate cause of the accident.
The defendant’s primary defense is that its insured, Stinson, was not guilty of any negligence but in the alternative it is urged that the contributory negligence of Jones constitutes a bar to his claim and that of' intervenor. A further defense asserted, alternatively, is that Jones had the last clear chance to avoid the accident.
There is contradictory testimony relating to some of the circumstances. The question of whether or not it was daylight at the time of the accident is disputed; also controverted is whether or not Jones was on the shoulder of the highway and turned into the path of the Stinson vehicle immediately prior to the impact. Resolution of the case depends upon the proper determination of these factual issues. The trial judge, after weighing the evidence, concluded that the collision occurred before or during the dawn period with darkness prevailing, and relying upon the testimony of the state trooper, decided Jones did in fact drive from the shoulder onto the highway immediately north of the point of impact. The judge then resolved that Stinson was derelict and at fault in not having his car under such control as to be able to bring it to a stop within the range of his headlights, but held, on the authority of Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, et al., 242 La. 471, 137 So.2d 298 (1962) such negligence was not a proximate cause of the accident. Jones was held negligent and his negligence was found to be the sole proximate cause of the accident.
The record clearly supports the finding of the court that Jones drove his tractor from the shoulder of the road onto the paved portion of the road about 50 feet ahead of and in the path of the Stinson automobile. This, in our opinion, constituted the sole proximate cause of the ensuing collision. Because of the sudden and abrupt turn of the tractor, the control and speed of the Stinson automobile are not causes in fact of the accident.
For the reasons hereinabove set forth the | judgment is affirmed at appellants’ cost